PER CURIAM.
Plaintiff, the owner of industrial real property in Wall Township, filed an appeal in the Tax Court from the assessment of the property for the year 1983. The township moved for summary judgment. The Tax Court granted the motion and dismissed the complaint. Plaintiff appealed and we now affirm.
The basis for the ruling of the Tax Court was N.J.S.A. 54:4-34, which requires every owner of income-producing real property in a taxing district to render, within 45 days of the written request of the tax assessor, a full and true account of *211 the income from the property. In default thereof, the assessor must arrive at value from the available information. Further, the statute provides:
No appeal shall be heard from the assessor’s valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request.
Plaintiff recognizes the existence and effect of the statute but asserts that it does not apply because its property is owner-occupied and not income-producing. Plaintiff received a request from the assessor for income information and did not respond.
Plaintiff is a wholly-owned subsidiary of a parent corporation, which has another subsidiary, a division of which is the single tenant of the real estate that is the subject of the appeal. The sole purpose of plaintiff’s ownership is to house the sister corporation’s division. According to plaintiff, the parties make no effort to set economic rents. The rental payments and responsibilities for payment of expenses are established in such a way as to accommodate the inter-subsidiary accounting needs of the various corporations in the structure.
The purpose of the requirement that owners “render a full and true account of ... the income ... of income-producing property,” N.J.S.A. 54:4-34, is to afford the assessor access to fiscal information that can aid in valuing the property. The purpose of the provision outlawing appeals by non-responding owners is to encourage compliance with the accounting requirement.
Where real property is owned by one entity and occupied by a related entity, the manner in which they order their fiscal relationship may reduce the usefulness of the income accounting required by the statute. But, some or all of it may have utility, and it is up to the assessor and not the taxpayer to decide whether to consider the information furnished. Transactions among related corporations are not privileged. There is nothing about them or the language or purpose of N.J.S.A. 54:4-34 that exempts a real estate taxpayer who owns property rented and occupied by a sister corporation.
Affirmed.