PER CURIAM.
The primary issue on this appeal from a declaratory judgment entered by the Tax Court is whether owner-occupied commercial property constitutes income-producing property within the intendment of N.J.S.A. 54:4-34 (so-called chapter 91[1]). The Tax Court concluded that it does not, and we concur.
The subject premises, located in Jackson Township are owned by plaintiff Great Adventure, Inc., a Delaware corporation, and used by it for operation of its amusement park. As we understand the record, patrons are charged an admission fee which generally entitles them to access to the various rides, games and other offered attractions.[2] In August 1986 Great Adventure received a letter from the assessor of defendant Jackson Township demanding detailed and comprehensive information regarding all financial aspects of the operation. The assessor *232 relied on N.J.S.A. 54:4-34 as authority for this demand. That section so authorizes, however, only “in the case of income-producing property.” The question then is whether the phrase “income-producing property” as used by the statute was intended by the Legislature to include only property producing rental income or to extend as well to commercial activities conducted by an owner-occupier which produce business income.
Although this court has not directly passed upon the issue, we have at least suggested that the statutory phrase “income-producing property” is congruent with the concept of rental income. See SKG Realty Corp. v. Wall Tp., 8 N.J.Tax 209 (App.Div.1985), in which we held that the statute applied where the owner corporation had leased the property to a sister corporation for a stated rent, even though the taxpayer argued that because of the corporate relationship, the rent was noneconomic. Moreover, the Tax Court has expressly held that only rental income meets the definition of income-producing. See Monsanto Co. v. Kearny, 8 N.J.Tax 109 (Tax Ct.1986).
We agree with the Tax Court, both as expressed by Judge Crabtree in Monsanto and Judge Rimm in his oral opinion in this case, that the phrase “income-producing property” must be construed as a term of art in accordance with the understanding commonly ascribed to it by the business, investment, and real estate community. As Judge Rimm pointed out, in the real estate appraisal field, the term income-producing property is generally limited to property producing rental income. See Friedman, Encyclopedia of Real Estate Appraising (2 ed. 1968), § 15 at 360; Winstead, Real Estate Appraisal Desk Book (1968), § 9 at 119. The courts have also equated income-production with rents in a variety of other contexts. See, e.g., Cadoo v. Cadoo, 95 N.J.Eq. 430, 432, 123 A. 712 (Ch. 1924) (noting that most of the testator’s “income-producing property was in New York City, and he and his son managed his properties and collected the rents”); Helmsley v. Borough of Fort Lee, 78 N.J. 200, 213-214, 394 A.2d 65 (1978), app. dism. 440 U.S. 978, 99 S.Ct. 1782, 60 L.Ed.2d 237 (1979) (noting, in *233 the rent control context, that the “preferred valuation method for apartment buildings is capitalization of [rent] income, since investors purchase apartment buildings as income-producing properties”). See also Petrizzo v. Edgewater, 2 N.J.Tax 197, 199-200 (Tax Ct.1981) (the taxpayer’s “apartment building” was an “income producing property”); Glen Wall Associates v. Wall Tp., 99 N.J. 265, 269-271, 491 A.2d 1247 (1985) (the taxpayer’s “garden apartment development” was an “income-producing property”); Delran Holding Corp. v. Delran Tp., 8 N.J.Tax 80, 82-83 (Tax Ct.1985) (the taxpayer’s “commercial shopping center” was an “income-producing property”). See also Lawrence Associates v. Lawrence Tp., 5 N.J.Tax 481 (Tax Ct.1983). We note too that in explaining the decision in Monsanto to municipal tax assessors, the State Division of Taxation said the following: “The Court found that, since the property in question was owner-occupied and not leased, it did not constitute an income-producing property and was not subject to the statutory penalties.” 34 State of New Jersey Local Property Branch News No. 3 (May-June 1986) at 2; emphasis added. Finally, we are in accord with the notion expressed by Judge Crabtree in Monsanto that the severity of the penalty for noncompliance provided for by N.J.S.A. 54:4-34, namely, the taxpayer’s loss of his right to appeal the assessment, requires a strict construction of the statute.
Jackson Township argues in the alternative that even if owner-occupied commercial property is generally exempt from the definition of income-producing property, Great Adventure’s property should not be since its income is actually rental income. It premises this argument on the contention that the admission fee paid by patrons actually constitutes a rental payment for the use of the premises. We conclude, however, that the argument is specious. The admission fee is no different than that paid by patrons of any other amusement or entertainment facility including, for example, theaters, concert halls, ball parks, circuses, and the like. The fee is not paid by *234 the patron for the use of the property in any tenancy sense but rather for the entertainment package offered.
AFFIRMED.

The 1979 amendment of N.J.S.A. 54:4-34 was effected by L.1979, c. 91, and we are advised by the parties that the entire section has come to be known among local real property tax practitioners as chapter 91.

About 5% of its overall operation is attributable to rented concessions. We understand the township to concede, however, that its interest in this litigation involves the park as a whole, and hence, that it does not regard the relatively insignificant rental income as substantially affecting either its legal theory or its substantive rights.