MENYUK, J.T.C.
This matter comes before the court on the motion of plaintiff, City of Trenton, to dismiss the. answer and counterclaim of defendant Trenton District Energy Co. (now known as Trigen Trenton Energy Co.) for failure to provide income and expense information pursuant to N.J.S.A. 54:4-34, commonly known as Chapter 91. The defendant has cross-moved for an order of summary judgment declaring the Chapter 91 request to be invalid.
The subject property is a plant that produces electricity, high temperature hot water and chilled water. The land is owned by plaintiff which in 1982 entered into a ground lease with defendant for a term of 99 years, with an option to renew for an additional 99 years. The court has been supplied with a copy of the ground lease in connection with the motion, and from that document it is *247 clear that the ground lease is one part of a more complex transaction that appears to involve the financing of the equipment and building located on the subject property.
Defendant received a notice of tax assessment for tax year 2003[1] on February 11, 2003. The notice indicated an assessment for building only in the amount of $1,129,000. Defendant timely filed an appeal with the Mercer County Board of Taxation (the “Board”), claiming that the property was exempt. On June 19, 2003, the Board issued its judgment reducing the assessment to zero on the basis that the property was exempt. The judgment was mailed to the parties on June 25,2003.
By letter dated June 16, 2003, while the appeal was still before the Board, plaintiffs assessor served defendant with a Chapter 91 request. Neither party has supplied the court with a complete copy of the Chapter 91 request, but the covering letter sent with the request stated that, “The information is needed for the tax year beginning January 1, 2002 and ending December 31, 2002.” By letter dated July 22, 2003, defendant’s counsel wrote to plaintiffs assessor advising that:
Both the Limited Partnership Agreement and the Ground Lease signed by the City and Trigen indicate the type of financial information that Trigen must submit to the City and when it must be submitted. In light of the Freeze Act and the Judgment entered by the County Board of Taxation, Trigen’s assessment may not be increased. Accordingly, Trigen has no obligation to provide the information requested in your letter of June 16, 2003.
Plaintiffs counsel responded by letter dated July 24, 2003, advising that it was plaintiffs position that “the owner of the [subject] property is required to comply with N.J.S.A. 54:4-34 and to provide timely financial response to the request for income and expense information.”
On July 28, 2003, plaintiff filed an appeal with this court, seeking reversal of the Board’s judgment granting the exemption and an increase in the original assessment. The complaint was amended on August 6, 2003, apparently to correct technical de *248 fects. Defendant’s initial answer and counterclaim was received by the Tax Court Management Office on or about August 14, 2008 and was returned to defendant’s counsel for failure to include a filing fee, to correct the caption to conform with the amended complaint, and to submit or complete an information schedule. Defendant filed its corrected answer and counterclaim to the amended complaint on September 4,2003.
Plaintiff moves for summary judgment dismissing the answer and counterclaim on the ground that defendant has not timely provided the information called for by the Chapter 91 request and has not supplied any good faith reason why the information could not have been supplied in a timely manner. Defendant cross-moves for summary judgment on the ground that the request was invalid because: (a) it was not sent to the owner of the property; (b) it was issued during the pendency of a tax appeal and constituted an impermissible discovery request; and (c) it sought information relating to a prior tax year and did not seek income data prior to setting an assessment. Finally, defendant contends that its response to the request was adequate under the circumstances.
Summary judgment should be granted when “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.” R. 4:46-2. “By its plain language, Rule 4:46-2 dictates that a court should deny a summary judgment motion only where the party opposing the motion has come forward with evidence that creates a ‘genuine issue as to any material fact challenged.’ ” Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 529, 666 A.2d 146 (1995). If an opposing party offers no affidavits or matter in opposition, that party cannot be heard to complain if the court grants summary judgment. Judson v. Peoples Bank & Trust Co., 17 N.J. 67, 75, 110 A.2d 24 (1954). The court must consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a *249 rational factfinder to resolve the alleged disputed issue in favor of the non-moving party. Brill, supra, 142 N.J. at 540, 666 A.2d 146.
The parties here dispute whether defendant is an “owner” of real property within the meaning of N.J.S.A. 54:4-34. Defendant asserts that the improvements on the property consist of a building, and of certain machinery contained within that building, which machinery is excluded from the definition of real property contained in N.J.S.A. 54:4-1(b). Defendant contends that, because plaintiff owns the land, and because neither the land nor the building is income-producing as to defendant, and because the equipment is not real property, N.J.S.A. 54:4-34 is inapplicable here.
N.J.S.A. 54:4-34 requires an owner of real property on written request from the assessor, to “render a full and true account of his name and real property and the income therefrom, in the case of income-producing property.” The statute further provides that “[n]o appeal shall be heard from the assessor’s valuation and assessment with respect to income-producing property where the owner has failed or refused to respond” to the assessor’s request within 45 days of the date of the request. Ibid. The purpose of the statute is “to assist the assessor in the first instance, to make the assessment and thereby ... avoid unnecessary expense, time and effort in litigation.” Ocean Pines, Ltd. v. Point Pleasant Bor., 112 N.J. 1, 7, 547 A.2d 691 (1988), quoting Terrace View Gardens v. Township of Dover, 5 N.J. Tax 469, 474-75 (Tax 1982), aff'd, 5 N.J. Tax 475 (App.Div.), certif. den., 94 N.J. 559, 468 A.2d 205 (1983).
I find that, although the issue of the ownership of the subject property is a mixed question of fact and law, the issue is not material to my decision on these cross-motions, and that summary judgment is therefore appropriate. R. 4:46-2(c).
There is no dispute that plaintiff is the owner of the land. A long term lease of land, however, has been held sufficient to confer ownership of property on a ground lessee for purposes of an exemption statute which requires the claimant to own the *250 property, provided that the ground lessor is a public entity. Center for Molecular Medicine & Immunology v. Belleville Tp., 357 N.J.Super. 41, 54, 813 A.2d 1243 (App.Div.2003). Moreover, a proper Chapter 91 request must be responded to by an owner of income-producing property, even though the property may be exempt. Cascade Corp. v. Middle Tp., 323 N.J.Super. 184, 732 A.2d 564 (App.Div.1999).
Significantly, neither plaintiff nor defendant has identified the owner of the building and equipment, and a review of the ground lease does not offer any conclusive evidence on that point. Defendant has asserted that neither the land nor the building is income-producing as to it, but is silent as to whether it derives any income from the machinery and equipment. Plainly, the contention that the machinery contained within the building is not real property is more complicated than defendant has indicated here. See General Motors Corp. v. Linden, 150 N.J. 522, 696 A.2d 683 (1997), holding that the definition of personal property contained in N.J.S.A. 54:4-l(b) was not intended to carve out such property from the common law definition of real property, and that the Legislature recognized that “there are certain forms of personal property so affixed to real property as to be considered a part thereof.” General Motors Corp. v. Linden, supra, 150 N.J. at 536, 696 A.2d 683. The determination as to whether an item of equipment is real or personal property is dependent on the facts as to each piece of equipment. See, e.g., General Motors Corp. v. Linden, 20 N.J. Tax 242 (Tax 2002) (determining whether several specific items of machinery and equipment were real or personal property for purposes of local property taxation).
By its terms, Chapter 91 bars an appeal of the assessor’s valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to the request for income and expense information. Whether or not defendant is the owner, it is not at this point appealing the assessor’s valuation and assessment, but has merely answered the complaint, set forth its contractual claims that the only payments due to plaintiff are those provided for by prior agreements of the parties, and alleged that the June 16, 2003 request for information *251 was improper. Defendant has demanded judgment affirming the judgment of the Board as to the exemption of the property, “setting aside the request for information” and for other appropriate relief. The only apparent consequence of a dismissal of the counterclaim might be that defendant would be barred from challenging the valuation of the subject property in the event that plaintiff establishes that the subject property is not exempt. See Cascade Corp. v. Middle Tp., supra, 323 N.J.Super. at 188, 732 A.2d 564 (where the court did not decide the issue, but the taxpayer conceded that, if it unsuccessfully claimed exemption and had failed to respond to a properly made Chapter 91 request, it would lose the opportunity to challenge the valuation and assessment of the property).
The penalty prescribed by N.J.S.A. 54:4-34 for noncompliance is the loss of the right to appeal the assessment and the severity of that penalty requires a strict construction of the statute. Great Adventure, Inc. v. Jackson Tp., 10 N.J. Tax 230, 233 (App.Div. 1988). I conclude that, under the facts of this case, the statute cannot be read to bar defendant’s answer and counterclaim.
The owners of income-producing properties for which exemption is claimed have an obligation to respond to a Chapter 91 request, Cascade Corp. v. Middle Tp., supra, and the purpose of Chapter 91 with respect to exempt property is the same as it is with respect to property which is clearly taxable: “to afford the assessor access to fiscal information that can aid in valuing the property [and] ... to encourage compliance with the accounting requirement.” Cassini v. Orange City, 16 N.J. Tax 438, 444 (Tax 1997), quoting SKG Realty Corp. v. Wall Tp., 8 N.J. Tax 209, 211 (App.Div.1985). See, e.g., N.J.S.A. 54:4-27, requiring the assessor to value exempt property.
A motion to dismiss based upon a failure to respond to a Chapter 91 request is normally made by a municipality upon the filing of a complaint by the taxpayer challenging the assessment. The peculiar posture of this case results from the fact that no Chapter 91 request was made prior to the making of the assessment for tax year 2003. The demand was made in June 2003, a *252 few days before the Board hearing on defendant’s exemption claim. Defendant contends that the demand was an improper discovery request; plaintiff asserts that the request was issued at the same time that Chapter 91 requests are regularly issued to owners of income producing properties. While plaintiffs assessor may regularly send out Chapter 91 requests in June, such requests would be valid only for the next succeeding tax year, 2004, for which the assessor must submit the assessment list by January 10, 2004.[2] N.J.S.A. 54:4-35. The information sought by plaintiff here during the pendency of the appeal before the Board in June 2003 was not used by the assessor to make the 2003 assessment at issue. See Westmark Partners v. West Deptford Tp. 12 N.J. Tax 591 (Tax 1992) (taxpayer not barred from appealing assessment where Chapter 91 request sent too late to permit a response which would aid in determining proper assessment for the tax year in issue); Delran Holding Corp. v. Delran Tp., 8 N.J. Tax 80 (Tax 1985) (failure to respond to Chapter 91 request did not require dismissal of taxpayer’s appeal where request for information was not made until after the assessor had received a copy of the taxpayer’s complaint).
To invalidate a taxpayer’s claim for failure to respond to a Chapter 91 request after the assessment has already been made does not effectuate the purpose of the statute. I therefore conclude that plaintiffs motion to dismiss the answer and counterclaim must be denied.
*253 The denial of plaintiffs motion on the basis that the Chapter 91 request was improperly made necessarily amounts to the grant of defendant’s cross-motion declaring the Chapter 91 request to be invalid as to 2003. Accordingly, I need not reach the issue of whether defendant’s challenge to the Chapter 91 request was made too late, as plaintiff contends, because it was not formally presented to this court as a counterclaim within forty five days of the request. I note that plaintiff cites no authority for this contention and that defendant’s counterclaim was timely filed within thirty five days of the amended complaint, that is, within the time provided by R. 8:4-3, which incorporates by reference R. 4:4:6-l.
Plaintiffs motion to dismiss the counterclaim is denied and defendant’s cross-motion is granted. The matter will proceed to discovery and trial.

 The property was apparently treated as tax exempt from the date of the ground lease until an added assessment was placed on the property for tax year 2002. Plaintiff asserts in its brief that the added assessment was not appealed.

 Should defendant file an appeal of any 2004 assessment that may be made, it may be vulnerable to a dismissal pursuant to a Chapter 91 motion. Because it was unnecessary to do so in deciding this motion, certain issues raised in connection with this motion, such as whether defendant is an owner of the subject property for purposes of Chapter 91 and whether the subject property is income-producing, were not resolved. The only income referred to by the plaintiff in the making of this motion was the income received by it as the ground lessor, which is a debatable basis for requiring income and expense information from the defendant as the ground lessee. There was no information provided by either party as to the operation of the subject property. Owners that occupy their properties which are not otherwise income-producing and who fail to respond to assessors’ demands for income statements regarding their properties will not be precluded from appealing assessors' valuations and assessments in court. Monsanto Co. v. Town of Kearny, 8 N.J. Tax 109, 111 (Tax 1986).