944 A.2d 706

H.J. BAILEY COMPANY, PLAINTIFF–RESPONDENT,
v. NEPTUNE TOWNSHIP, DEFENDANT–
APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 8, 2008—Decided April 9, 2008.

Before Judges COBURN, Fuentes and Chambers.

*Gene J. Anthony,* attorney for appellant.

*Michael A. Vespasiano,* attorney for respondent.

The opinion of the court was delivered by

FUENTES, J.A.D.

In this appeal, we are required to determine whether the failure of an owner of non-income-producing property to respond to a written request for information made by a municipal tax assessor pursuant to *N.J.S.A.* 54:4–34 (Chapter 91)[1] triggers the sanction limiting the right of appeal, as modified by the Supreme Court in *Ocean Pines, Ltd. v. Borough of Point Pleasant,* 112 *N.J.* 1, 547 *A.*2d 691 (1988). The answer to this question directly implicates a fundamental aspect of the right to Due Process.

The Tax Court concluded that *N.J.S.A.* 54:4–34 does not apply to non-income-producing properties. Thus, in this case, the Tax Court ruled that plaintiff is not subject to the statutory sanction despite its failure to respond to the tax assessor's written request for information. By leave granted, Neptune Township appeals from the Tax Court's order memorializing this ruling.

After a careful review of the record before us, we affirm the ruling of the Tax Court. We now hold that an owner of non-income-producing property who fails to respond to a written request for information made by a municipal tax assessor, pursuant to *N.J.S.A.* 54:4–34, is not subject to the sanction of an *Ocean Pines* reasonableness hearing. Based on the clear language of the statute, we hold that Chapter 91's appeal-preclusion provision and

---

[1] The statute is commonly referred to as "Chapter 91" because the Legislature last amended it with L.1979, c. 91, § 1. *Cascade Corp. v. Twp. of Middle,* 323 *N.J.Super.* 184, 185 n. *, 732 *A.*2d 564 (App.Div.1999), *certif. denied,* 163 *N.J.* 11, 746 *A.*2d 457 (2000). Here, we will use both the statutory cite and Chapter 91 interchangeably.

the limited appeal process fashioned by our Supreme Court in *Ocean Pines* apply solely to income-producing properties.

In reaching this conclusion, we are mindful that, under the clear language of *N.J.S.A.* 54:4-34, *all property owners*, regardless of the status of the property, are required to respond to a Chapter 91 request. Equally clear in our view, however, is that the sanction for failing to respond applies only to income-producing properties. Despite this anomaly, we discern no legal authority to create, by judicial fiat, a sanction which the Legislature failed to provide. Thus, we recommend that the Legislature address the situation presented by this case, and provide a clear consequence for the owners of non-income-producing properties who fail to answer a Chapter 91 request.

Our discussion of these issues will take place in the following factual context.

I

On October 6, 2006, the tax assessor for Neptune Township sent H.J. Bailey Company by certified mail, return receipt requested, a request for information pursuant to *N.J.S.A.* 54:4-34. The assessor intended to use the information requested to assess the taxable value of plaintiff's property at 1105 Green Grove Road for the 2007 tax year. The request quoted the actual statutory language, and emphasized in bold the appeal-preclusion section:

Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing property, and produce his title papers, and he may be examined on oath by the assessor, and if he shall fail or refuse to respond to the written request of the assessor within 45 days of such request, or to testify on oath when required, or shall render a false or fraudulent account, the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. **No appeal shall be heard from the assessor's valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request or to testify on oath when required, or shall have rendered a false or fraudulent account.** The county board of taxation may impose such terms and conditions for furnishing the

requested information where it appears that the owner, for good cause shown, could not furnish the information within the required period of time. In making such written request for information pursuant to this section the assessor shall enclose therewith a copy of this section.

The assessor's letter also included the following capitalized, bold instruction: "IF THE PROPERTY IS *OWNER OCCUPIED,* PLEASE INDICATE SUCH IN THE COMMENTS LINE ON PAGE ONE, SIGN PAGE TWO AND RETURN FORM TO THIS OFFICE." The record shows that plaintiff received the notice, but did not respond. Defendant subsequently assessed the property as follows: land assessed at $724,000; improvements assessed at $808,400; for a total assessed value of $1,532,400.

On March 26, 2007, plaintiff filed a complaint with the Tax Court appealing the assessment.[2] After filing a responsive pleading, the Township moved to dismiss the complaint based on plaintiff's failure to respond to the Chapter 91 request. In a certification submitted in opposition to the Township's motion, plaintiff's general manager, Allen S. Roth made the following statement:

3. I did receive and sign for certified mail income and expense request from the town.

4. The subject property is owner-occupied.

5. There is no rental income.

The Tax Court judge denied the Township's motion to dismiss plaintiff's appeal. In an oral opinion, the judge acknowledged that the applicability of *N.J.S.A.* 54:4–34 to non-income-producing properties has been specifically addressed in two published opinions, each answering the question differently. The parties here have each embraced the opinion that supports their respective legal position. As noted by the judge:

Plaintiff relies on *Monsanto[ ]Company v. Kearny,* [ ]8 N.J.Tax 109 (Tax 1986) where the Court held that the statute is clear and unequivocal with severe sanction of dismissal is [sic] limited to cases where owners of income producing properties fail to respond to Chapter 91 requests. The Court therefore denied a motion to

---

2 The appeal was made directly to the Tax Court because the total assessment exceeded $750,000. *N.J.S.A.* 54:3–21; *R.* 8:3–5(a)(3).

dismiss made pursuant to Chapter 91 with the property with the manufacturing plant owned and occupied by the plaintiff.

Defendant relies on *Southland Court[sic]v. Dover Township* 21 *N.J.Tax* 573 (Tax 2004). In that case in which Judge Small ultimately determined that the property was income producing rather than owner occupied as claimed by the plaintiff, he extensively discussed the case law concerning the repercussions of a property owner's failure to respond to a Chapter 91 request. He concluded that the tax payer may not ignore or refuse to respond to a request which is in conformity with the statute and wait until a motion to dismiss is filed with the Tax Court to raise the defense that the property is owner occupied. *Southland* would appear to support the municipality's motion. Because Judge Small ultimately concluded that the subject property was income producing, however, that conclusion is essentially dicta.

Ultimately, the tax judge adopted the position advocated by plaintiff, and supported by the holding in *Monsanto, supra,* 8 *N.J. Tax* at 111–12.

II

■■■ We begin our analysis by emphasizing that questions of statutory interpretation are purely legal; thus, we review the holding of the Tax Court de novo. *Gallenthin Realty v. Boro. of Paulsboro,* 191 *N.J.* 344, 358, 924 *A.*2d 447 (2007). It is well-settled that in interpreting a statute, the primary goal is to give effect to the Legislature's intent. *DiProspero v. Penn,* 183 *N.J.* 477, 492, 874 *A.*2d 1039 (2005). The best indicator of that intent is the plain language of the statute itself. *State v. D.A.,* 191 *N.J.* 158, 164, 923 *A.*2d 217 (2007).

The relevant portion of *N.J.S.A.* 54:4–34 reads as follows:

*Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing property,* and produce his title papers, and he may be examined on oath by the assessor, and if he shall fail or refuse to respond to the written request of the assessor within 45 days of such request, or to testify on oath when required, or shall render a false or fraudulent account, the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. *No appeal shall be heard from the assessor's valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request* or to testify on oath when required, or shall have rendered a false or fraudulent account.

[ (Emphasis added).]

From this language, it seems clear to us that the phrase "every owner of real property" includes owners of non-income-producing properties. Our conclusion is buttressed by the Legislature's inclusion of the language "[e]very owner of real property of the taxing district shall . . . render a full and true account of his name and real property *and the income therefrom, in the case of income-producing property* . . . ." *Ibid.* (emphasis added). The statute contemplates that the information provided in response to a Chapter 91 request will differ, depending on whether the property is income-producing or non-income-producing. Thus, *N.J.S.A.* 54:4–34 clearly requires that property owners respond to Chapter 91 requests, irrespective of whether their property is income-producing or not.

The section of the statute referring to the sanction for not responding to the request for information, however, refers only to owners of income-producing properties. Thus, as the Tax Court held in *Monsanto,* this language appears to limit the applicability of the appeal-preclusion sanction to this class of properties. 8 *N.J. Tax* at 111–12.

This court adopted *Monsanto's* interpretation of Chapter 91's appeal-preclusion clause in *Great Adventure, Inc. v. Jackson Township,* 10 *N.J. Tax* 230 (App.Div.1988). In that case, we noted that "the severity of the penalty for noncompliance provided for by *N.J.S.A.* 54:4–34, namely, the taxpayer's loss of his right to appeal the assessment, requires a strict construction of the statute." *Id.* at 233. Based on this reasoning, it is clear that the consequences of failing to respond to a Chapter 91 request vary, depending on whether the property in question is income-producing or not.

The consequences of an *income-producing* property owner's failure to respond to a Chapter 91 request are clear. Our State Supreme Court set forth a limited review process, available to a non-responding owner of income-producing property, in *Ocean*

*Pines, Ltd. v. Borough of Point Pleasant,* 112 *N.J.* 1, 547 *A.*2d 691 (1988). The Court held that:

> such an appeal is limited in its scope to the reasonableness of the valuation "based upon the data available to the assessor." The taxpayer's failure to provide the requested financial information in a timely fashion will preclude the use of those data on appeal. The inquiry will focus solely on whether the valuation could reasonably have been arrived at in light of the data available to the assessor at the time of the valuation. Encompassed within this inquiry are (1) the reasonableness of the underlying data used by the assessor, and (2) the reasonableness of the methodology used by the assessor in arriving at the valuation.
>
> [*Id.* at 11, [547 *A.*2d 691] (citations omitted).]

Thus, under *Ocean Pines,* by failing to respond in a timely fashion to a Chapter 91 request, the taxpayer is precluded on appeal from expanding the record beyond the information available to the assessor at the time of valuation. *Ibid.* The property's financial information, expert opinion as to value, comparable sales not used by the assessor, or any other potential evidence that could otherwise have been available, had the Chapter 91 request been timely answered, is barred. As noted by the Supreme Court, the inquiry is limited to: "(1) the reasonableness of the underlying data used by the assessor[;] and (2) the reasonableness of the methodology used by the assessor in arriving at the valuation." *Ibid.* This approach accomplishes the goal of compliance through the use of a limited form of deterrence.

In *Ocean Pines,* the Court recognized the difficulties faced by tax assessors when property owners fail or refuse to respond to reasonable requests for information. As the Court noted in *Ocean Pines:*

> The facts of this case demonstrate the very problem that [Chapter 91] was designed to remedy. It is the local tax assessor, and not the county board or Tax Court, that is charged with the responsibility of valuing and assessing real property. *See N.J.S.A.* 54:4-23. *If the economic data are to be of any use in the valuation process, they must be submitted in timely fashion to the assessor, and not to a tribunal on a subsequent appeal. Plaintiff failed to comply with a proper request for income and expenses information, and the assessor of necessity prepared an assessment based on the information that was available to him at the time.* At the hearing before the Board, the assessor was confronted for the first time with plaintiff's economic data. Clearly at that point the assessor was unprepared to challenge or even evaluate the information provided by plaintiff. By

barring the use of those data on a subsequent appeal, the statute "encourage[s] compliance" with a proper request for that information.

[*Id.* at 7–8, [547 A.2d 691] (emphasis added) (citations omitted).]

As this language demonstrates, the statute's appeal-preclusion clause, as tempered by the Court's holding in *Ocean Pines,* applies only to non-responding *income-producing* properties.

This approach leaves unanswered, however, the question as to what the legal ramifications are to owners of *non*-income-producing property who fail to respond to a Chapter 91 request. The answer given by the Tax Court here is: "none." Defendant Neptune Township argues that this conclusion deprives the tax assessor of valuable and, in many cases, indispensable information necessary to form a threshold determination as to the character of the property at issue. Stated differently, without the taxpayer's cooperation, the assessor is often left to guess as to whether the property is income-producing.

Indeed, this case illustrates the point. In support of a motion for reconsideration, counsel for Neptune Township submitted the following certification:

In reviewing the file in this matter, I found photographs that were taken of Plaintiff's site, which I attach hereto. Apparently, there are two buildings which include Plaintiff's building; a warehouse for the distribution of products. The warehouse is surrounded by vehicles. A driveway and parking lot separates Plaintiff's warehouse from another building which also has motor vehicles and more importantly, a directory which lists occupants of the various parts of the building. They include occupants that are clearly unrelated to Plaintiff's business and is entitled "Children's Center of Monmouth County." Although they have different street addresses, they are very much connected by a parking lot and driveway. An observer, such as the Tax Assessor, could not determine by viewing the properties whether or not Plaintiff's property is owner occupied. In fact, a casual observation might even lead to the opposite conclusion. This is not abandoned property or a vacant lot. *A decision not to require owner occupied taxpayers to identify themselves as such when receiving a Chapter 91 Information Request leaves Tax Assessors with the further burden of determining the use of the property and making a final assessment.*

[ (Emphasis added).]

We agree with Township's counsel in this respect. As presently written, *N.J.S.A.* 54:4–34 offers no resolution of the tension created by the language limiting the sanction of appeal preclusion to

income-producing properties, and the legitimate needs of the tax assessor to receive from *all* taxpayers the information necessary to rationally assess the value of real property within the municipality. While we agree with defendant that the statute, in its current form, poses an inconvenient, practical dilemma for tax assessors, we are not at liberty to ignore Chapter 91's plain language.

Unfortunately, *N.J.S.A.* 54:4–34's clear language confers upon owners of non-income-producing properties the unilateral right to ignore Chapter 91 requests with impunity. While we may disagree with the public policy behind this conclusion, it is not the judiciary's role to formulate public policy; rather, our duty is to give effect to the intent of the Legislature when that intent is clear. *State v. D.A.*, *supra*, 191 *N.J.* at 164, 923 *A.*2d 217. By holding that Chapter 91's appeal-preclusion provision does not apply to non-income-producing properties, we give effect to the statute's clear language. We recognize, however, that the Legislature may hereafter amend the statute to provide practical consequences to non-responding owners of non-income-producing properties.

Finally, we note that a property owner, when failing to respond to a Chapter 91 request, runs the risk that the property will ultimately be found to be income-producing.[3] In such a case, the taxpayer's appeal would properly be limited under *Ocean Pines, supra*, 112 *N.J.* at 11, 547 *A.*2d 691. *See Alfred Conhagen, Inc. v. S. Plainfield Boro.*, 16 *N.J. Tax* 470, 474 (App.Div.) (holding that plaintiff was limited to *Ocean Pines* reasonableness hearing when plaintiff's property had formerly been income-producing, and plaintiff had failed to respond to a Chapter 91 request, notifying the assessor of the change in his property's status), *certif. denied,*

---

[3] Naturally, this risk will be particularly great where, as in this case, the nature of the taxpayer's property is such that the tax assessor can not readily determine whether the property is income-producing or not. In the present case, however, the Tax Court judge was very specific in finding that plaintiff's property is not income-producing.

151 *N.J.* 74, 697 *A.2d* 546 (1997); *SKG Realty Corp. v. Twp. of Wall,* 8 *N.J. Tax* 209, 211 (App.Div.1985) (holding that Chapter 91 barred assessment appeal by property owner who did not respond because of his mistaken belief that his property was non-income-producing); *Southland Corp. v. Dover Twp.,* 21 *N.J. Tax* 573, 585 (Tax Ct.2004) (holding that non-responding property owner was limited to *Ocean Pines* reasonableness hearing after finding that that property was, in fact, income-producing).

### III

By way of recapitulation, the order of the Tax Court denying Neptune Township's motion to preclude plaintiff from prosecuting this appeal is affirmed. To the extent that any published opinion of the Tax Court is inconsistent with our decision, it is deemed overruled.

Affirmed and remanded for further proceedings.