NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



**Mala Sundar**
 **JUDGE**

R.J. Hughes Justice Complex
 P.O. Box 975
25 Market Street
Trenton, New Jersey 08625
Telephone (609) 943-4761
TeleFax:   (609) 984-0805
taxcourttrenton2@judiciary.state.nj.us

June 20, 2017

Joseph Buro, Esq.
Zipp Tannenbaum Caccavelli, L.L.C.
280 Raritan Center Parkway
Edison, New Jersey 08837

Frederick Rubenstein, Esq.
James P. Nolan & Associates, L.L.C.
100 Municipal Blvd.
Edison, New Jersey 08817

Re:     Mendips L.L.C. v. Township of Edison
Block 266.A, Lot 19.05
Docket No. 003355-2017

Dear Counsel:

This matter comes before the court on defendant's motion to dismiss plaintiff's 2017 local property tax appeal for failure to respond to the tax assessor's request for financial information pursuant to N.J.S.A. 54:4-34 (L. 1979, c. 91), commonly known as "Chapter 91," in connection with the above captioned property ("Subject").  Plaintiff did not dispute receipt of, and non-response to, the Chapter 91 request.  It however opposed the motion claiming that, (1) the Chapter 91 request was confusing as to the information sought and the consequences of non-compliance; (2) the property is owner occupied despite the fact that there is an executed lease among related parties since all parties to the lease are owned by a single individual; and (3) the Chapter 91 request

*

was not sent for purposes of setting the assessment on the property but was a mere pretext to accomplish a dismissal of the complaint.

On May 12, 2017, the court heard oral arguments and decided the issues of alleged confusion and assessor pretext against plaintiff for reasons stated on the record. It however allowed parties time to argue the issue of owner occupied status since plaintiff in its supporting certification stated it was owner occupied whereas in its responses to defendant's standard interrogatories for tax year 2016 it stated "the subject property is 0% owner occupied." Oral argument was thereafter heard on this issue.

The facts in connection with the remaining issue are taken from the certification of plaintiff's managing member and the documents attached to the parties' respective pleadings. The Subject is a one-story commercial building of 228,695 square feet used primarily as a warehouse, located on about 10.33 acres of land. By a lease dated January 7, 2013, plaintiff leased the entire building to two entities, Glendale Warehousing and Distribution Corp., and Glendale Carriers Corp., both having the same mailing address and offices as plaintiff. The lease was on a net basis, for a five-year term, with an option to renew for three additional five-year periods. The rent was $5.50 per square foot of rentable space with 5% annual increases. The same individual signed the lease on behalf of plaintiff and the two entities, since he owned all three entities.

On May 16, 2016, the prior assessor for defendant ("Township") sent a Chapter 91 request to plaintiff. On the request, in capital bold letters and in a separate box the following was noted: "If this property is solely owner occupied, check the box at the top of the income statement, sign the statement and return it to this office."

2

In response to question 10 of the Township's standard interrogatories for tax years 2015 and 2016,[1] which asked to "state whether any portion of the property is owner occupied" and if so, for details in this regard, plaintiff responded that the "subject property is 0% owner occupied." It also provided an income and expense ("I&E") statement for calendar year 2015 which showed about $1,575,604 as "commercial property income" which comprised of "rental income" from "yard," "shop," and "warehouse."

As noted above, plaintiff did not send any response to the Chapter 91 request. Plaintiff's owner certified that when he received the Chapter 91 request, "the subject property was an owner-occupied one as I understand the term." He stated that he was the plaintiff's managing member, president of the tenant, and "own[s] both," therefore, he "did not believe that [he] was required to respond to the" Chapter 91 request.

**ANALYSIS**

N.J.S.A. 54:4-34 requires a property owner to "render a full and true account of" the property owner's "name and real property and the income therefrom," if the property is "income-producing." Failure or refusal to respond within 45 days of the Chapter 91 request (i) allows the assessor to reasonably determine the property's "full and fair value" based upon any information he or she has; and (ii) bars the property owner from appealing that assessment. Ibid. A similar result ensues if an owner's response/s is/are "false or fraudulent." Ibid.[2]

---

[1] Plaintiff's 2015 and 2016 property tax complaints challenging the assessments on the Subject for each of those years are currently pending. The assessment for each of those years is $5,304,600, which is also the same for tax year 2017, the subject of the instant motion.

[2] If a Chapter 91 motion is based upon an assertion that the response/s was/were "false or fraudulent," then the movant is not limited by the 180-day period under R. 8:7(e). Lucent Technologies, Inc. v. Township of Berkeley Heights, 405 N.J. Super. 257, 265 (App. Div. 2009) (court rule does not "place a time limit upon municipalities in seeking dismissal of tax appeals based upon false or fraudulent Chapter 91 responses"), rev'd in part on other grounds, 201 N.J. 237, 250 (2010) ("time limit set forth in Rule 8:7(e) does not apply to" motions to dismiss on false or fraudulent grounds).

Plaintiff relies heavily on ML Plainsboro Ltd. Partnership v. Township of Plainsboro, 16 N.J. Tax 250 (App. Div.), certif. denied, 149 N.J. 408 (1997) to argue that as a layperson, it was confused by the assessor's request. The reliance is unpersuasive. First, unlike here, in that case, the property owner sent a timely response that its properties were "not income producing," and that Merrill Lynch, one of plaintiff's partners, was "the sole tenant" and there was "no lease arrangement with outside parties." Id. at 254.[3] Second, when pressed as to how plaintiff failed to follow the plain language of the instruction that the request be returned by checking a box if the property was owner occupied, a status plaintiff believed itself to be when it received the request, plaintiff argued that it was confused since the attached copy of the statute referenced "income-producing" and did not contain the term "owner occupied."

The court finds this argument plainly incredible. If plaintiff was such a layperson, it would have easily understood the "check the box" instruction, and presumably how to put a check in the box, and would have simply obeyed the instructions to check the box, sign the form, and return it to the assessor based on its belief it was owner occupied. On the other hand, if plaintiff was sophisticated enough to read the attached statute and discern a difference between "income-producing" used therein and "owner occupied" used on the Chapter 91 request, the latter term being a derivative from precedent, then its claims of a small business layperson with zero knowledge of legal terms is questionable. Thus, this is not a situation where "there is room for reasonable doubt as to whether an average owner of an income producing property would understand an assessor's request to include a particular kind of information, [and] the benefit of

---

[3] The assessor's Chapter 91 request had informed the taxpayer that she was "required to obtain information from income-producing properties," therefore asked the taxpayer to complete an attached "rental schedule, operating expense statement and copies of all leases in force . . . all lease addendums and other agreements . . . along with any . . . projections on information . . . pertinent to th[e assessor's] office in valuing [plaintiff's] property." ML Plainsboro, supra, 16 N.J. Tax at 254.

that doubt should be given to the taxpayer." Id. at 257. Nor is it an instance of the request being "so egregiously ambiguous in . . . the instruction to the taxpayer that due process principles are offended." Waterside Villas Holdings, L.L.C. v. Township of Monroe, 434 N.J. Super. 275, 284 n.3 (App. Div.), certif. denied, 217 N.J. 589 (2014).

Plaintiff argues that regardless of confusion, it has no obligation to respond if it is owner occupied as was held in H.J. Bailey Co. v. Neptune Township, 399 N.J. Super. 381, 384 (App. Div. 2008), a case which was decided much after ML Plainsboro, supra. There, as here, the Chapter 91 request asked the owner to indicate if the property was owner occupied and to return the request as so indicated and signed to the assessor. H.J. Bailey, supra, 399 N.J. Super. at 384. The court noted that while the statute "clearly requires that property owners respond to Chapter 91 requests, irrespective of whether their property is income-producing or not," its language on "the sanction for not responding to the request for information . . . refers only to owners of income-producing properties." Id. at 386.

Plaintiff correctly notes that this ruling remains unchanged by the decision in Waterside, supra, where the court required some response to a Chapter 91 request deemed confusing or improper, since the case before it was "not [one] where the property in question is not 'income-producing' for which the statutory sanction is unavailable." 434 N.J. Super. at 284 n.3 (citing to H.J. Bailey, supra). However, the H.J. Bailey court itself cautioned non-responsive property owners to future legislative amendment which could " provide practical consequences to non-responding owners of non-income-producing properties,"[4] and that a property owner could still be

---

[4] The court agreed with the municipality that "[a] decision not to require owner occupied taxpayers to identify themselves as such when receiving a Chapter 91" request would "further burden" the assessor by requiring him or her to "determin[e]. . . the use of the property and mak[e] a final assessment." H.J. Bailey, supra, 399 N.J. Super. at 388.

denied its appeal rights if the "property will ultimately be found to be income-producing." 399 N.J. Super. at 389. As to the latter, it cited cases where a non-responsive owner was subject to the appeal preclusion if it was found (a) that the property used to be income-producing;[5] (b) that the property owner had a "mistaken belief that his property was non-income-producing;"[6] or, (c) that the "property was, in fact, income-producing."[7] Id. at 389-90. The risk of appeal loss would "be particularly great where . . . the nature of the taxpayer's property is such that" an assessor cannot "readily determine whether the property is income-producing or not." Id. at 389 n.3.[8]

Here, plaintiff is like the property owner which had a "mistaken belief that his property was non-income-producing." Indeed, plaintiff concedes that pursuant to SKG Realty, supra, the Subject would be deemed as income-producing, however, claims confusion as a small unsophisticated business owner as to the term "owner occupied" in the request. It points out that this court has, post-Waterside, so ruled when it denied a dismissal motion of a complaint filed by an entity which was owned by two doctors, who ran their professional practice in the property as a different entity and set rents on a discretionary as-needed basis (citing to this court's unpublished opinion in Monmouth Middlesex Realty L.L.C. v. Township of Freehold, Dkt Nos. 003260-2014; 002126-2015 (Tax Sep. 25, 2015)).

---

It thus recommended legislative change so that there is a "clear consequence" for non-responsive owners of non-income producing properties. Id. at 383. The Legislature has not yet acted on the court's recommendation.

[5] Citing Alfred Conhagen, Inc. v. Borough of South Plainfield, 16 N.J. Tax 470, 474 (App. Div.), certif. denied, 151 N.J. 74 (1997).

[6] Citing SKG Realty Corp. v. Township of Wall, 8 N.J. Tax 209, 211 (App. Div.1985). In that case, the court held that "[t]here is nothing about [related corporations] or the language or purpose of N.J.S.A. 54:4-34 that exempts a real estate taxpayer who owns property rented and occupied by a sister corporation." Ibid. This is so even if income information is of "reduce[d] . . . usefulness," since "it is up to the assessor and not the taxpayer to decide whether to consider the information furnished." Ibid.

[7] Citing Southland Corp. v. Township of Dover, 21 N.J. Tax 573, 585 (Tax 2004).

[8] The court was referring to the plaintiff's property, "a [distribution] warehouse," which with parked vehicles would not visually allow a conclusion of the property being owner occupied. H.J. Bailey, supra, 399 N.J. Super. at 388, 389 n.3.

The court is unpersuaded. First, that case is not precedential. Second, that case was specifically limited so that it applied solely to its facts. Third, and more importantly, in that case, the property owner complied with the Chapter 91 request, which as here, asked that an owner occupied status be so noted on the returned request. Fourth, that case dealt with the issue of whether such a response was false or fraudulent, not whether the property was owner occupied or non-income producing.

Plaintiff argues that it is of no moment whether the owner occupied status is examined under the false or fraudulent standard or a non-response standard. Per plaintiff, if a property owner believes it is owner occupied and such belief is objectively reasonable, then a non-response or a response to that effect should provide an identical result. It cites to ML Plainsboro which stated that due to the legal restrictive nature of the term "income producing," a response that property was not income producing was not "a fail[ure] or refus[al] to respond to the assessor or a 'false or fraudulent' response." 16 N.J. Tax at 259, 260. The court is not persuaded. As is evident, the property owner in ML Plainsboro provided a timely response. Further, as pointed out in H.J. Bailey, supra, a non-response carries with it a risk of losing the chance to appeal the assessment. With a formal lease in place, the facts here align more closely with the ruling in SKG Realty, supra, which involved a case of non-response.

Plaintiff last claims that the Township will not be prejudiced if the court denies the instant motion because the assessment could always be affirmed or even reduced during trial. However, since plaintiff's 2015 and 2016 appeals are pending, plaintiff is equally not prejudiced since it can benefit from the application of the Freeze Act should the assessment for 2016 be reduced.

**CONCLUSION**

For the aforementioned reasons, the Township's motion to dismiss the complaint is granted in part subject to a reasonableness hearing pursuant to Ocean Pines Ltd. v. Borough of Point Pleasant, 112 N.J. 1 (1988).

Very Truly Yours,

Mala Sundar, J.T.C.
