**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2629-18T2

ALCATEL-LUCENT USA INC.,

    Plaintiff-Appellant,

v.

TOWNSHIP OF BERKELEY
HEIGHTS,

    Defendant-Respondent.

_____

Argued telephonically May 4, 2020 –
Decided July 17, 2020

Before Judges Messano, Vernoia and Susswein.

On appeal from the Tax Court of New Jersey, Docket No. 7688-2014.

Stuart M. Lederman argued the cause for appellant (Riker Danzig Scherer Hyland & Perretti LLP, attorneys; Stuart M. Lederman, of counsel; Rudy S. Randazzo, on the briefs).

Adam J. Colicchio argued the cause for respondent (Renaud DeAppolonio LLC, attorneys; Adam J. Colicchio, on the brief).

PER CURIAM

Plaintiff, Alcatel-Lucent USA, Inc., appeals from the Tax Court's order dismissing its appeal from the denial of its 2014 Farmland Assessment application. Tax Court Judge Joshua D. Novin determined that N.J.S.A. 54:4-34 precludes plaintiff's appeal because plaintiff purposely omitted income information in its response to the local tax assessor. After careful review of the record in view of the applicable legal principles, we affirm the order dismissing plaintiff's appeal substantially for the reasons set forth in Judge Novin's thorough and well-reasoned opinion.

We note that in a recent case involving the same parties and property, we held that plaintiff's appeal from the denial of its 2015 Farmland Assessment application was barred under N.J.S.A. 54:4-34 because plaintiff failed to respond to the township's request for information. Alcatel-Lucent USA Inc., v. Twp. of Berkeley Heights, 460 N.J. Super. 243 (App. Div. 2019) (Acatel-Lucent I). We embrace the statutory analysis in our recent opinion and incorporate it into this opinion. We add that submitting false information to the tax assessor is a basis for barring an appeal as surely as failing to respond to the assessor's request for information.

I.

Much of the background information pertinent to this case is set forth in our prior published opinion pertaining to plaintiff's 2015 Farmland Assessment application. We therefore need only briefly recount the procedural history and relevant facts, focusing chiefly on the circumstances pertaining to plaintiff's 2014 application. Plaintiff is a technology company that owns a 153.4-acre parcel of real property located in Berkeley Heights, Union County. There are approximately 1.5 million square feet of improvements on the property. Plaintiff claims that fifty-seven acres of the property is actively managed agricultural woodlands.

On June 1, 2013, the Berkeley Heights tax assessor mailed plaintiff a request for income and expense information pursuant to N.J.S.A. 54:4-34 (Chapter 91).[1] On June 13, 2013, plaintiff's corporate counsel responded to the request, stating in pertinent part:

> I am writing in response to the letter from you to [plaintiff] . . . requesting certain information regarding Block 3701, Lot 1 . . . from the "Property Owner" pursuant to N.J.S.A. 54:4-34.
>      . . . . [T]he [p]roperty was conveyed by quitclaim deed dated June 29, 2001 from [plaintiff] to LTI . . . and

---

[1] The statute is commonly referred to as "Chapter 91" because the Legislature amended it in L. 1979, c. 91, §1. Cascade Corp. v. Twp. of Middle, 323 N.J. Super. 184, 185 n.* (App. Div. 1999).

long term ground leased back to [plaintiff] from LTI by lease from LTI also dated June 29, 2001 . . . . Under that [l]ease, [plaintiff] is treated as the beneficial owner having all the rights (other than title) and obligations (including payment of real estate taxes) of an owner. LTI is a single member limited liability company, whose sole member and 100% owner is [plaintiff]. . . . We therefore consider the property to be owner-occupied.

. . . .

The [p]roperty is not income producing real estate as that term is commonly understood, although very small portions of the [p]roperty, totaling less [than] 1% of the building square footage, are occupied by [various entities]. Please note that Affinity Federal Credit Union vacated the [p]roperty effective December 31, 2011 and now only maintains an ATM on site for which it pays $300 monthly to [plaintiff]. . . . Although the payments by those occupants are insignificant, and irrelevant and immaterial in valuing the property, a schedule of those payments entitled MURRAY HILL, NJ 2012 RENTAL INCOME is attached. . . .

Two wireless carriers pay monthly fees pursuant to license agreements to maintain cell sites on a [plaintiff's] tower on the [p]roperty. . . . Their payments are also reflected in the attached MURRAY HILL, NJ 2012 RENTAL INCOME.

The rental income document that was attached to corporate counsel's letter represented that plaintiff received $960,639.23 in rental income in 2012. Neither corporate counsel's letter nor the attachment disclosed that LGS Innovations, LLC, (LGS), a wholly-owned subsidiary of plaintiff, had a

4

licensing agreement with plaintiff to use a portion of the property and paid an annual rent of $187,148.40 in 2012.

On July 24, 2013, plaintiff filed an application for farmland assessment for the 2014 tax year. On August 19, 2013, the tax assessor denied the application, stating that "[a]gricultural use is not dominant use."

On March 28, 2014, plaintiff filed a complaint in Tax Court challenging the denial. On June 8, 2015, the township filed a motion to dismiss plaintiff's appeal with prejudice pursuant to N.J.S.A. 54:4-34, arguing that plaintiff's response constituted a false or fraudulent account. In support of that contention, the township attached a certification from the tax assessor, stating, "[d]uring the course of discovery it became apparent that the subject property is not owner occupied and that the subject property's 2012 rental income was substantially higher than the one provided in the Chapter 91 response." The tax assessor's certification further asserted, "the total sublease income for 2012 was $1,153,994.77 and not $ 960,639.23 as stated in [plaintiff's] Chapter 91 response."

After hearing oral argument, Judge Novin, issued a comprehensive written opinion, finding: (1) the non-farmland portions of plaintiff's property were income-producing; (2) plaintiff's application for farmland assessment was

subject to Chapter 91 preclusion; and (3) there was reason to believe plaintiff's response to the Chapter 91 request may have been false or fraudulent.

Judge Novin reserved decision on defendant's motion to dismiss pending an evidentiary hearing. After considering the evidence presented at the hearing, including the testimony of plaintiff's corporate counsel, Judge Novin found that plaintiff's response to the tax assessor was a false and fraudulent account within the meaning of N.J.S.A. 54:4-34. The court's finding was based primarily on plaintiff's admission that it had intentionally excluded the income it received from LGS.[2] Judge Novin thereupon granted defendant's motion to dismiss plaintiff's farmland appeal.[3]

## II.

Our recent opinion in Alcatel-Lucent I explains the purposes of the Farmland Assessment Act of 1964, N.J.S.A. 54:4-23.1 to -23.23, which authorizes an exemption from local property taxes in certain specified

---

[2] The hearing was held on January 13, 2017. The record before us does not include a transcript of the hearing.

[3] The dismissal with prejudice was subject to plaintiff's right to a reasonableness hearing pursuant to Ocean Pines, Ltd. v. Borough of Point Pleasant, 112 N.J. 1 (1988). A reasonableness hearing commenced on July 18, 2018, but prior to closure of the proofs, plaintiff waived its right to a reasonableness determination.

circumstances. 460 N.J. Super. at 251–53. After extensive analysis, we held that statute "is part of the warp and weft woven into a comprehensive tax scheme created by the Legislature." Id. at 251. We concluded the appeal-preclusion feature set forth in N.J.S.A. § 54:4-34 applies to the denial of an application for a Farmland Assessment.

We see no need in this opinion to repeat the analysis that lead to that conclusion. We note only that our opinion underscored the need for an applicant to provide timely and accurate information, especially in the case of a split-use property, so that a local tax assessor can fulfill his or her statutory responsibilities. Id. at 250, 254 (citation omitted).

In that case, the appeal was barred because plaintiff received but did not respond to the tax assessor's request for information. Id. at 247. We now hold, both as a matter of the plain meaning of the statutory text and as a matter of rudimentary common sense, the appeal-preclusion provision applies as well when the applicant does respond to an assessor's request for information, but provides a false or fraudulent account.

N.J.S.A. 54:4-34 provides in pertinent part:

> Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of

7

income-producing property, and produce his title papers, and he may be examined on oath by the assessor, and if he shall fail or refuse to respond to the written request of the assessor within 45 days of such request, or to testify on oath when required, <u>or shall render a false or fraudulent account</u>, the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. <u>No appeal shall be heard from the assessor's valuation and assessment with respect to income-producing property where the owner</u> has failed or refused to respond to such written request for information within 45 days of such request or to testify on oath when required, or <u>shall have rendered a false or fraudulent account</u>.

[(Emphases added).]

We agree with the trial court that plaintiff's response constitutes a false or fraudulent account within the meaning of the statute. We appreciate that plaintiff contends its response was made in good faith and without an intention to deceive. Plaintiff notes its response to the tax assessor missed only one item, the license by LGS, which, according to plaintiff, was "financially meaningless" and would have had "zero impact on the Assessor's valuation."

Judge Novin considered and correctly rejected plaintiff's argument that the omission was <u>de</u> <u>minimis</u>. Plaintiff was obligated under Chapter 91 to furnish a "full and true account" upon request. An applicant is not shielded from the consequences of the purposeful omission of information based on its own

8

determination that the withheld information would not have had an impact on the assessment.  See  SKG Realty Corp. v. Wall Twp., 8 N.J. Tax 209, 211 (App. Div. 1985) (per curiam) ("[I]t is up to the assessor and not the taxpayer to decide whether to consider the information furnished.")  "The purpose of the provision outlawing appeals by non-responding owners," the court noted in SKG, "is to encourage compliance with the accounting requirement."  Ibid.  That goal is not served by excusing purposeful omissions or exempting them from the appeal preclusion sanction.

We add that N.J.S.A. 54:4-34 refers explicitly to a "false or fraudulent account." (Emphasis added).  The Legislature's use of a disjunctive rather than conjunctive formulation means that an appeal can be precluded based on the submission of false information even if the applicant did not have an intention to commit fraud.  It is not necessary, in other words, for the applicant to have committed a criminal offense under New Jersey law to invoke the appeal-preclusion sanction.

In sum, we conclude that the purposeful omission of income information, as found by Judge Novin, rendered plaintiff's response a false account of the

A-2629-18T2

income derived from the property.[4]  We note, moreover, that the Tax Court's factual findings were based on testimony and documents that were presented at an evidentiary hearing.  Judge Novin's findings are entitled to substantial deference in recognition that "judges presiding in the Tax Court have special expertise . . . [and] their findings will not be disturbed unless they are plainly arbitrary or there is a lack of substantial credible evidence to support them." Alpine Country Club v. Borough of Demarest, 354 N.J. Super. 387, 390 (App. Div. 2002) (quoting Glenpointe Assocs. v. Twp. of Teaneck, 241 N.J. Super. 37, 46 (App. Div. 1990)).

To the extent we have not addressed them, any remaining arguments made by plaintiff lack sufficient merit to warrant discussion in this opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4]  We note that even if we were to conclude that plaintiff's intentional omission was not a false or fraudulent account, that omission would in any event be tantamount to a failure to respond to the tax assessor's request for a "full" account of the income from the property as required pursuant to N.J.S.A. 54:4-34.