183 N.J. Super. 299 (1982)
443 A.2d 1090
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANK MANDARA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 6, 1981.
Decided March 12, 1982.
*300 Before Judges FRITZ, ARD and TRAUTWEIN.
Stanley C. Van Ness, Public Defender, for appellant (Thomas W. Williams, designated counsel, of counsel and on the letter brief).
James R. Zazzali, Attorney General of New Jersey, for respondent (Carol M. Henderson, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant appeals from a denial of his motion for reconsideration of sentence. He contends that his case was pending at the time the New Jersey Code of Criminal Justice, N.J.S.A. 2C:1-1 et seq. (Code) went into effect and argues that under the Code sentencing provisions his State Prison terms should have been *301 imposed to run concurrently with and not consecutive to a previously imposed county jail sentence.
On March 6, 1978 defendant, pursuant to a plea negotiation, pleaded guilty to conspiracy and attempted breaking and entry, which crimes were committed on June 24, 1977. On April 21, 1978 he received two consecutive terms of two to three years to be served in the New Jersey State Prison. The sentences were denominated consecutive to defendant's one-year sentence to the Essex County Correctional Center (County) which he was then serving. On February 22, 1980 defendant's convictions and sentences were affirmed. His petition for certification was denied by the New Jersey Supreme Court on May 28, 1980.
Defendant moved before the original sentencing judge on June 27, 1980 for reconsideration of his sentence pursuant to R. 3:21-10. The motion was denied on August 19, 1980.
He argues that inasmuch as his appeal was pending at the time the Code became effective (September 1, 1979), he was entitled under the provisions of N.J.S.A. 2C:1-1(c)(1) to the procedural benefits conferred by N.J.S.A. 2C:44-5(a) and (b). If, indeed, he was so entitled, his two State Prison terms should be modified to run concurrently with his county jail sentence. The net effect would be a credit of three months.
N.J.S.A. 2C:1-1(c)(1) provides in pertinent part as follows:
c. In any case pending on or initiated after the effective date of the code involving an offense committed prior to such date:
(1) The procedural provisions of the Code shall govern, insofar as they are justly applicable and their application does not introduce confusion or delay;
Defendant urges that sentencing, to the extent of exercising discretion as to whether concurrent or consecutive terms are imposed, is "procedural" and hence N.J.S.A. 2C:44-5 governs within the framework of facts in this appeal. N.J.S.A. 2C:44-5 provides in pertinent part as follows:
a. Sentences of imprisonment for more than one offense. When multiple sentences of imprisonment are imposed on a defendant for more than one offense, including an offense for which a previous suspended sentence or sentence of probation has been revoked, such multiple sentences shall run *302 concurrently or consecutively as the court determines at the time of sentence, except that:
(1) A term to a State penal or correctional institution and a definite term to a county institution shall run concurrently and both sentences shall be satisfied by service of the State term; ...
........
b. Sentences of imprisonment imposed at different times. When a defendant who has previously been sentenced to imprisonment is subsequently sentenced to another term for an offense committed prior to the former sentence, other than an offense committed while in custody;
(1) The multiple sentences imposed shall so far as possible conform to subsection a. of this section; and....
If defendant is correct in his assertion that sentencing is "procedural," then his chronological history of offenses and sentences dovetails neatly within this statutory scheme. It appears he was sentenced to two consecutive terms to State Prison on April 21, 1978 for offenses committed on June 24, 1977 which offense date precedes his sentence to the county jail on September 30, 1977. Hence under N.J.S.A. 2C:44-5 it appears the two State sentences should have been concurrent with defendant's county sentence.
We disagree with defendant. Our Supreme Court held that for the purposes of N.J.S.A. 2C:1-1(c), the term "pending case" included undecided appeals as well as ongoing trials. State v. Molnar, 81 N.J. 475, 488 (1980). Defendant's appeal was not decided until February 22, 1980. Hence, under Molnar his case was pending on the effective date of the Code (September 1, 1979). However, we conclude the imposition of concurrent and consecutive sentences is substantive in nature and not procedural. Therefore, plaintiff is not entitled to the benefits of the provisions of N.J.S.A. 2C:44-5.
In Molnar, supra at 488, our Supreme Court discussed the distinction between procedural and substantive law thusly:
While in most contexts "it is simplistic to assume that all law is divided neatly between `substance' and `procedure,'" Busik v. Levine, 63 N.J. 351, 364 (1973), app. dism., 414 U.S. 1106, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973), the Legislature apparently intended to draw just such a distinction in N.J.S.A. 2C:1-1(c)(1). The guideposts of "confusion or delay" in 2C:1-1(c) indicate that this provision *303 broadly encompasses the process by which the State attributes guilt and imposes punishment. In the context of a codified criminal law, "procedure" refers to the conduct of a "prosecution for [an] offense," N.J.S.A. 2C:1-1(b), as contrasted with the "substantive" definitions of conduct declared be criminal. "A rule of procedure may have an impact upon the substantive result and be no less a rule of procedure on that account." Busik, 63 N.J. at 364. Thus burdens of proof  those rules governing the degree of certainty the evidence must engender to warrant a given disposition by the trier of facts  are "procedural" matters within the meaning of N.J.S.A. 2C:1-1(c)(1). [Emphasis supplied]
Procedural law is generally the mode of proceeding by which a legal right is enforced, as opposed to the law which defines and gives the right. Procedural law encompasses the machinery for carrying on a suit, including pleadings, process, evidence and practice. Black's Law Dictionary (5 ed. 1979) at 1083. Substantive law, however, includes within its perimeters the classification of criminal conduct, the degree of crime and the limits of punishment. See State v. Mraovitch, 176 N.J. Super. 141, 143 (App.Div. 1980). Thus, the imposition of a sentence is a part of substantive law and is subject to certain legal standards. State v. Whitaker, 79 N.J. 503, 508-509 (1979); State v. Knight, 72 N.J. 193, 194-195 (1976). We therefore conclude the sentencing judge was correct in denying defendant's motion for sentence reconsideration.
Affirmed.