HAMILL, J.T.C.
This is a motion to dismiss the complaint for failure to respond to a request for income information pursuant to N.J.S.A. 54:4-34, L. 1979, c. 91, known as “chapter 91.”
*366 The assessment at issue involves a nursing home. The assessment for the 1995 tax year was $1,938,000. It is undisputed that the Clinton Township assessor sent a timely request for income and expense data to plaintiff and that plaintiff did not respond. Plaintiff claims that it was not obliged to respond because chapter 91 applies only to income-producing property and the nursing home is not income-producing property.
The home is a skilled care nursing facility providing twenty-four hour nursing care. The home has twenty-eight rooms for patients, a kitchen, dining room, recreation rooms for patients, and administrative offices. Included in the twenty-eight rooms are sixty-eight beds, sixty-six of which are filled currently. On entering the home a patient signs an agreement for a room and nursing care. Although not in the agreement, the home has a policy of not moving a patient from a particular room unless it is medically necessary to do so.
There are four registered nurses, six licensed practical nurses, and a total of forty-five nurse’s aides, ten to thirteen of whom are on duty at a time. The nurses see to the patients’ medical needs, while the aides are responsible for their personal care and hygiene. Medical doctors are on call twenty-four hours a day.
Patient fees cover nursing care, medications, a bed, meals, and administrative costs of the home. Patient population consists of approximately forty-nine percent Medicaid patients, five percent Medicare, and the balance private pay. The percentage of Medicaid patients has remained relatively stable. The percentage of private pay patients has dropped slightly as the percentage of Medicare patients has increased.
The Medicaid reimbursement rate is set annually. The lowest private pay rate is approximately $20 per day more than the Medicaid reimbursement rate. The private pay rate varies depending upon whether a patient has a single or double room.
N.J.SA 54:4-34 provides in relevant part:
Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income^producing property *367 ... No appeal shall be heard from the assessor’s valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request,
[emphasis added.]
In Monsanto Co. v. Kearny, 8 N.J.Tax 109, 111 (Tax 1986), this court held that an owner-occupied manufacturing plant was not income-producing property for purposes of chapter 91. Confirming Judge Crabtree’s analysis in Monsanto, the Appellate Division in Great Adventure, Inc. v. Jackson Tp., 10 N.J.Tax 230 (App.Div.1988), held that, in the context of chapter 91, the “term income-producing property is generally limited to property producing rental income.” Id. at 232. The court went on to hold that admission fees paid by patrons of an amusement park were not rental income because “[t]he fee is not paid by the patron for the use of the property in any tenancy sense but rather for the entertainment package offered.” Id. at 233-34.
Plaintiff maintains that the nursing home is operated by the partnership that owns the property and is thus owner-occupied. Additionally, according to plaintiff, patient fees are paid for services, not for a tenancy in real estate. Lastly, citing Twin Oaks Assoc. v. Morristown, 9 N.J.Tax 386 (Tax 1987), aff'd o.b. per curiam, 11 N.J.Tax 94 (App.Div.), certif. denied, 117 N.J. 155, 564 A.2d 875 (1989), plaintiff maintains that nursing homes are generally valued by the cost approach.
Defendant responds that the home is not owner-occupied. According to defendant, the home serves as a patient’s residence. Thus, in defendant’s view, patient fees pay for tenancies in real estate and are tantamount to rent. Additionally, defendant points out that there is a private residence on the same tax lot that was leased during 1994. The residence was occupied through the first half of 1994, and apparently was vacant thereafter. The chapter 91 request was sent in early July 1994 and requested income and expense data for the 1993 calendar year.
I agree with defendant that the subject nursing home is income-producing property. Patients pay not only for nursing care but also for lodging. Although some patient stays are brief, *368 the average stay is thirteen months. For this period of time the" home constitutes a patient’s residence. The fact that the private pay fee varies depending upon whether a patient has a single, or double room further suggests a payment, at least in part, for the use of real estate.
Undoubtedly, a large portion of patient fees is paid for services in the form of nursing and personal care, as opposed to lodging. Much the same can be said, however, for payments by hotel patrons, and it is well accepted that hotels are income-producing properties to be valued by the income approach. See, e.g., Glenpointe Assocs. v. Teaneck Tp., 10 N.J.Tax 380, 389-90 (Tax 1989), aff'd, 12 N.J.Tax 118 (App.Div.1990). See also Westmount Plaza v. Parsippany-Troy Hills Tp., 11 N.J.Tax 127 (Tax 1990). As a portion of a nursing home patient’s fee is paid for lodging, the payment is at least partially attributable to a tenancy in real estate. Cf. Great Adventure, Inc. v. Jackson Tp., supra, 10 N.J.Tax at 233-34.
The fact that the home may be operated by its owners does not make it owner-occupied in the sense that a manufacturing facility owned and operated by the same entity is owner-occupied. Cf. Monsanto Co. v. Kearny, supra As in the case of an owner-operated hotel, a nursing home receives payments that are partially for the use of real estate. A manufacturer that owns and operates its own manufacturing plant receives payments for manufactured goods rather than payments for the use of real estate. The only user of the real estate is the manufacturer.
The income approach may ultimately not be chosen to value a particular nursing home, but this does not mean that nursing homes are not income-producing properties. Thus, in Twin Oaks Assoc. v. Morristown, supra, 9 N.J.Tax 386, the court recognized that nursing home
[ijncome is produced by a combination of the real estate, the personal properly, which includes furniture, fixtures and equipment, and the services rendered by the staff including food, 24-hovir nursing services and activities for the patients [and *369 that] ... [t]he ability of the nursing home property to produce income is the source of the value of the real estate [Id. at 394.]
Nevertheless, the court declined to use the income approach because the income stream included a changing mix of private pay and Medicaid patients, and there was no record evidence of economic rent “unencumbered by governmental rate restrictions.” Id. at 395. As neither party produced evidence of comparable sales of nursing homes, the court ultimately concluded that only the cost approach could be used in valuing that particular home. Id at 395-96. Whether the relative stability of the private pay/Medicaid patient mix of the subject property would permit the income approach to be used in valuing the subject nursing home need not be decided at this stage. The point is that, as in Twin Oaks, the subject home’s income is produced in part by the real estate.
In summary, payments by nursing home patients are at least in part attributable to the use of real estate and to that extent are tantamount to rent. Thus, nursing homes are income-producing properties within the meaning of N.J.S.A. 54:4-34. Plaintiff was therefore obliged to respond to the assessor’s chapter 91 request, and its failure to do so bars its appeal except for a challenge to the reasonableness of the data and methodology used by the assessor. See Ocean Pines Ltd. v. Borough of Point Pleasant, 112 N.J. 1, 11-12 (1988).
Defendant’s motion is granted. Plaintiffs challenge to the assessment will be limited to a reasonableness hearing as specified in Ocean Pines, supra.[1]

 As I have concluded that the nursing home is income-producing property, I need not address defendant’s other argument that the tax lot included a residence that was leased during the 1994 tax year.