963 A.2d 1248 (2009)
405 N.J. Super. 257
LUCENT TECHNOLOGIES, INC., Plaintiff-Respondent,
v.
TOWNSHIP OF BERKELEY HEIGHTS, Defendant-Appellant.
No. A-4439-07T1.
Superior Court of New Jersey, Appellate Division.
Argued October 20, 2008.
Decided February 11, 2009.
*1249 Saul A. Wolfe, Livingston, argued the cause for appellant (Skoloff & Wolfe, P.C., attorneys; Mr. Wolfe and David B. Wolfe, of counsel and on the brief; Edward J. Kuch III, on the brief).
Michael James Guerriero, Florham Park, argued the cause for respondent (Day Pitney, L.L.P., attorneys; Mr. Guerriero, Christopher John Stracco, and Jennifer Gorga Capone, on the brief).
Before Judges REISNER, SAPP-PETERSON and ALVAREZ.
The opinion of the court was delivered by
SAPP-PETERSON, J.A.D.
By leave granted, defendant Township of Berkeley Heights (Township) appeals from a judgment of the Tax Court denying its motion to dismiss the 2005 tax appeal of plaintiff Lucent Technologies, Inc. (Lucent). The court interpreted Rule 8:7(e), governing motions in the Tax Court, as permitting the court to place limits on the time period in which a municipality may seek dismissal of a tax appeal based upon a false or fraudulent response pursuant to N.J.S.A. 54:4-34, commonly known as Chapter 91. The court concluded that the Township's delay in filing its dismissal motion was unreasonable. We reverse.
The property which is the subject of this appeal is located at 600 Mountain Avenue and is designated on the Township's tax map as Block 3701, Lot 1. Township records also identify LTI NJ Finance LLC (LTI) as the property owner. On June 29, 2001, Lucent transferred title to the property to LTI. On that same date, Lucent entered into a twenty-year lease agreement with LTI. The agreement is characterized as a net lease covering the entire premises, except for 741.44 square feet that had been leased to Summit Bank four months earlier as an irrevocable license agreement. The language in the lease agreement between Lucent and LTI provided:
Landlord and Tenant each acknowledge that each shall treat this transaction as a true lease for state law purposes and shall report this transaction as a lease for Federal income tax purposes. For Federal income tax purposes each shall report this Lease as a true lease with Landlord as the owner of the Leased Premises and Equipment and Tenant as the lessee of such Leased Premises and Equipment[.]
On November 16, 2001, Lucent entered into a five-year sublease agreement with OFS Fitel, LLC, for approximately 48,266 square feet of the property. The following month, it entered into a four-year sublease agreement for a 7,285-square-foot area of the property with Sychip, Inc. Finally, on January 8, 2003, Lucent entered into a two-year revocable license agreement with Affinity Credit Union for 1,254 square feet. The total subleased area for all of the agreements represented less than three percent of the total building area of the property.
In June 2003, the Township's tax assessor mailed to Lucent a Chapter 91 request for income and expense information related to the property. Subsequent letters requesting the same information were sent in June of 2004, 2005 and 2006. Steven Stockert, Lucent's Tax Manager, submitted the written responses for the 2003, 2004 and 2005 requests, while Garnette R. Smith, Lucent's Property Manager, submitted the written response for the 2006 request. Each response, however, contained the same language:

*1250 I am in receipt of your request for income and expense information on Lucent Technologies property in Berkeley Heights Township. Please be advised that this property is owner occupied with the exception of less then [sic] 5% being occupied by OFS (Optical Fiber Solutions). OFS was sold to a third party and Lucent agreed to allow OFS personal [sic] to stay in the Murray Hill facility for three years after the sale. As for expenses, please note that the figure could be misleading if supplied. Due to the nature of the business, certain research is conducted on a 24 hour basis. Heating and cooling for various areas are maintained on a continual basis. If you still desire the expense data, please let me know.[1]
On November 8, 2004, Stockert wrote to the Township requesting that the Township "[p]lease change the mailing address for ... Block [3701,] Lot [1] ... of the owned property for Lucent Technologies. All tax correspondence[,] i.e.[,] tax bills, assessment notices and etc. should be sent to: Lucent Technologies[,] Inc.[,] Room 2B-224[,] Attn: Steven Stockert[,] 600-700 Mountain Ave.[,] Murray Hill, New Jersey 07974."
On March 10, 2005, Lucent filed a tax appeal for the year 2005. On March 16, 2005, the Township propounded interrogatories upon Lucent, and answers were provided on July 18, 2005. The answers listed LTI as the property owner, whose address was the same as that of Lucent. The answers also described the sale and leaseback transaction between Lucent and LTI. Additionally, all of the subleases were identified and copies of the subleases and license agreements were attached. Lucent also filed tax appeals for 2006 and 2007. Its answers to interrogatories propounded upon it for those two years essentially provided the same responses as those given in connection with the 2005 tax appeal.
On November 28, 2007, the Township filed a motion before the Tax Court to dismiss Lucent's three appeals pursuant to Chapter 91. The court conducted oral argument on the motion on February 14, 2008, and at the conclusion of the proceeding, rendered an oral opinion granting the Township's motion for the tax years 2006 and 2007 but denying the motion as to 2005.
In reaching its decision, the court first found that the property was income-producing property within the meaning of Chapter 91 and that the responses Lucent submitted for all three tax years "[made] no disclosure whatsoever as to the existence of this leaseback transaction. That transaction was disclosed for the first time in the Answers to Interrogatories." The court rejected Lucent's contention that because the portion of the property subject to the subleases and license agreements was so small, whatever information the tax assessor would derive from this disclosure would be of no use to the tax assessor. The court determined that such a decision was for the tax assessor, not Lucent. Consequently, the court concluded that Lucent's Chapter 91 responses for the years 2003 through 2006 were deficient because the responses "failed to disclose the existence of the lease between LTI and Lucent and failed to disclose the sublease or license agreements with Summit Bank, Sychip, and Affinity Credit Union."
Next, the court addressed whether Lucent was the property owner for purposes of Chapter 91 notices and responses. The court found that by responding to the Chapter 91 requests, Lucent's responses "constitute the responses of the owner for *1251 purposes of [Chapter 91], recognizing all the while that the actual owner, the actual titleholder to the property was LTI."
The court then addressed the question of whether the responses were false or fraudulent. The court reasoned that whether a response is false or fraudulent does not require a finding of fraudulent intent. The court stated:
[N]ot every omission renders a Chapter 91 response false. Here, however, the omissions were, in my view, significant.... The taxpayer is obligated to provide the income information in accordance with the statute. If it believes that the information is of no use in determining value, it could accompany the information with a statement to that effect.
Although the court was satisfied that the property was income-producing property subject to the requirements of Chapter 91 requests, that Lucent was the property owner for purposes of Chapter 91 requests, and that the responses to the requests were false or fraudulent, the court ultimately concluded that the Township was not entitled to relief for the 2005 tax year:[2]
The complaint was filed on March 10, 2005. Interrogatories were served on March 16, 2005. [In] June 2005 the Chapter 91 request was sent. [On] June 9, Lucent sends its false response to the Chapter 91 request. And on July 18, 2005, Lucent answered the interrogatories disclosing the information that should have been included in the Chapter 91 response but was not.
As of the date the answers to interrogatories were received, defendant had the capacity to determine whether the Chapter 91 request was responsive, and whether it was false, as defendant now characterizes it. I am aware and acknowledge that cases have held ... Answers to Interrogatories served upon an attorney are not the equivalent of a response to a Chapter 91 request. That principle is set forth in Summerton Shopping Plaza v. Manalapan [Twp.], 15 N.J.Tax 173, an Appellate Division decision of 1995.
. . . .
I conclude that more diligence should be required of the municipality in a Chapter 91 context than would be required under the position taken by defendant. Having only one of the documents, that is either the Chapter 91 response or the Answers to Interrogatories would not enable counsel for the defendant or the assessor to determine that the Chapter 91 request omitted significant information. It is not unreasonable, however, to expect there to be some communication between counsel for the municipality and the assessor over a period of some two-and-a-half years within which to determine whether or not the Chapter 91 request was responsive, and therefore whether a motion should be made pursuant to the statute and the rule to limit the appeal relief available to the plaintiff.
I need not decide how long after 180 days the time period is extended by reason of a false or fraudulent account, but I do conclude that two years and six months, or two years and eight months, or two years and four months, however you choose to measure it, is simply too long, and that the municipality was *1252 asleep at the switch with respect to the problem created by the inadequate response to the Chapter 91 request, and therefore I conclude that even though the response for tax year 2005 was false or fraudulent, I conclude that the motion by the municipality filed two years and four months after it had the ability to determine the falseness of the response is simply too late, and I deny ... the Chapter 91 motion filed by the municipality with respect to tax year 2005.
On March 25, 2008, the court entered an order memorializing its oral ruling. We granted the Township's motion for leave to appeal on May 20, 2008.
The precise issue before us is whether the court erred in interpreting Rule 8:7(e) as permitting the Tax Court to place time limits on the filing of dismissal motions based upon false or fraudulent Chapter 91 responses. We begin our analysis with a review of the statute and rule implicated in this matter.
N.J.S.A. 54:4-34 reads in pertinent part:
Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing property.... No appeal shall be heard from the assessor's valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request or to testify on oath when required, or shall have rendered a false or fraudulent account.

[(Emphasis added).]
It is only the emphasized language that is relevant to our discussion here. The purpose of Chapter 91 is to assist municipal tax assessors, who are charged with the responsibility for property valuations, by affording them access to fiscal information that can aid in the valuation of property. See Ocean Pines, Ltd. v. Borough of Point Pleasant, 112 N.J. 1, 7, 547 A.2d 691 (1988) (citing SKG Realty Corp. v. Twp. of Wall, 8 N.J.Tax 209, 211 (App. Div.1985)). The correct and timely availability of this information to the tax assessor "`avoid[s] unnecessary expense, time and effort in litigation.'" Ibid. (quoting Terrace View Gardens v. Twp. of Dover, 5 N.J.Tax 469, 474-75 (1982), aff'd o.b., 5 N.J.Tax 475 (App.Div.), certif. denied, 94 N.J. 559, 468 A.2d 205 (1983)).
Although Chapter 91 is clear in its expression of a taxpayer's obligation under the statute and the consequences for non-compliance, Ocean Pines, Ltd., supra, 112 N.J. at 7-8, 547 A.2d 691, it contains no enforcement mechanism. To that end, Rule 8:7(e) is instructive. It provides:
(e) Motions pursuant to N.J.S.A. 54:4-34. Except in the case of a false or fraudulent account, all motions to dismiss for refusal or failure to comply with N.J.S.A. 54:4-34 shall be filed no later than the earlier of (1) 180 days after the filing of the complaint, or (2) 30 days before the trial date.
[(Emphasis added).]
Prior to 1998, there was no time limit imposed upon municipalities filing motions to dismiss tax appeals pursuant to Chapter 91. Rule 8:7, at that time, provided that such motions were to be filed in accordance with Rule 1:6-3, which sets forth the general time requirements for filing motions in Superior Court. However, in an apparent response to Chapter 91 dismissal motions made by municipalities on the eve of trial, the Supreme Court Committee (Committee) on the Tax Court, 1996-97 and 1997-98 Court Years, recommended an amendment to Rule 8:7 to include a new section.[3]
*1253 On July 10, 1998, the Supreme Court adopted the amendment as proposed by the Committee. The new section (e) clearly and unambiguously excepted from the 180-day filing requirement, Chapter 91 motions based upon "false or fraudulent account."
In denying the Township's motion to dismiss Lucent's 2005 tax year appeal, the court declined to characterize its decision as one premised upon a theory of laches.[4] Rather, the court looked to the purposes underlying the rule's 180-day filing requirement, namely, to eliminate eve-of-trial dismissal motions. From that consideration, the judge interpreted the rule "as not being totally open-ended with respect to a false or fraudulent account." The judge stated that it "is my interpretation of the rule that the municipality does not have until the day of trial to make a motion[,] that there is some limit[.]"
In Wiese v. Dedhia, the Supreme Court reiterated the well-established principle that
[w]hen interpreting court rules, we ordinarily apply canons of statutory construction.... The Court must ascribe to the [words of the rule] their ordinary meaning and significance ... and read them in context with related provisions so as to give sense to the [court rules] as a whole.... If the language of the rule is ambiguous such that it leads to more than one plausible interpretation, the Court may turn to extrinsic evidence. [Wiese v. Dedhia, 188 N.J. 587, 592, 911 A.2d 479 (2006) (internal citations and quotations omitted).]
Applying that analytical approach here, Rule 8:7(e)'s prefatory language, "[e]xcept in the case of a false or fraudulent account," admits to no interpretation other than the Supreme Court's clear expression that the rule is not intended to place a time limit upon municipalities in seeking dismissal of tax appeals based upon false or fraudulent Chapter 91 responses. "In the absence of any explicit indication of special meaning, words of a statute [here, "except"] are to be given their ordinary and well understood meaning." Levin v. Twp. of Parsippany-Troy Hills, 82 N.J. 174, 182, 411 A.2d 704 (1980) (citing Fahey v. City of Jersey City, 52 N.J. 103, 107, 244 A.2d 97 (1968)); see also Serv. Armament Co. v. Hyland, 70 N.J. 550, 558-59, 362 A.2d 13 (1976) (reiterating the principle that "exceptions in a legislative enactment are to be strictly but reasonably construed, consistent with the manifest reason and purpose of the law").
The statutory prohibition to filing tax appeals where there has been a false or fraudulent Chapter 91 response operates as a complete bar to a tax appeal and should therefore be viewed as substantive legislation. As such, it may not be abrogated through a rule of practice and procedure. Winberry v. Salisbury, 5 N.J. 240, 247, 74 A.2d 406, cert. denied, 340 U.S. 877, 71 S.Ct. 123, 95 L.Ed. 638 (1950) (noting the "phrase `subject to law' ... thus serves as a continuous reminder that the [Court's] rule-making power as to practice and procedure must not invade the field of the substantive law...."); see also Ocean Pines, supra, 112 N.J. at 9, 547 A.2d 691 (rejecting the plaintiff's claim that the forty-five-day response filing requirement violates taxpayer's procedural or substantive due process rights); State v. Mandara, 183 N.J.Super. 299, 303, 443 A.2d 1090 (App.Div.1982) (addressing distinctions between procedural and substantive law for purposes of codified criminal law).
To adopt the court's interpretation that Rule 8:7(e) permits the Tax Court to set *1254 the time limits for dismissal motions based upon Chapter 91 false or fraudulent responses, would allow a tax appeal that our Legislature has expressly prohibited. Nor do we agree, as Lucent urges, that the court's interpretation represents the exercise of its discretion under Rule 1:1-2 "to secure a just determination." Rule 1:1-2 permits relaxation of any rule, "[u]nless otherwise stated." As noted earlier, both Chapter 91 and Rule 8:7(e) make clear that neither the Legislature nor the Court intended to limit, through time constraints, a municipality's ability to seek dismissal of tax appeals where there has been a false or fraudulent Chapter 91 response.
In view of our conclusion that the court erred in ruling that Rule 8:7(e) was not "open-ended" as to dismissal motions based upon false or fraudulent Chapter 91 responses, we need not address the remaining points advanced by defendant for our consideration.
Reversed and remanded for the entry of judgment dismissing Lucent's 2005 tax year appeal.
NOTES
[1] The last two sentences were eliminated in the 2006 response and replaced with: "Heating and expense data, please let me know."
[2] The court reached a different conclusion relative to the 2006 and 2007 tax years, finding that the Township's motion to dismiss was timely filed in connection with those tax appeals. Lucent has not cross-appealed this determination. Nor has Lucent cross-appealed the court's ruling that the property was income-producing property subject to Chapter 91, that its responses to the Chapter 91 requests constitute the responses of the property owner, and that the responses for 2005, 2006 and 2007 were false or fraudulent.
[3] See Biennial Report of the Supreme Court Committee on the Tax Court, 1996-97 and 1997-98 Court Years, submitted to the Supreme Court of New Jersey.
[4] Hence, this appeal does not present a laches issue.