NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

TAX COURT OF NEW JERSEY



**Mala Sundar**
 **JUDGE**

R.J. Hughes Justice Complex
 P.O. Box 975
 25 Market Street
 Trenton, New Jersey 08625
 Telephone (609) 943-4761
 TeleFax:  (609) 984-0805
taxcourttrenton2@judiciary.state.nj.us

May 25, 2017

William Sitar, Esq.
Sitar Law Offices, L.L.C.
1481 Oak Tree Road
Iselin, New Jersey 08830

Harry Haushalter, Esq.
One Old Bridge Plaza
Old Bridge, New Jersey 08857

Re:    Pittius, Scott & Patricia v. Old Bridge Township
       Block 3230, Lot 12.11
       Docket No. 010222-2016

Dear Counsel:

This opinion decides defendant's motion to dismiss plaintiff's complaint for failure to comply with the assessor's request for information pursuant to N.J.S.A. 54:4-34 ("Chapter 91"). The primary issue argued was whether the above captioned property ("Subject"), which includes a dog kennel operated on residential property, is income-producing relative to real property, rendering plaintiffs' contention that it was "owner occupied" since it is used to produce business income as false or fraudulent.  For the reasons stated below, the court agrees with plaintiffs.

**FACTS**

The Subject is located in defendant municipality ("Township").  It comprises 1.7 acres of land with two improvements, one residential (about 2,242 square feet or "SF") and one operated

*

as a boarding dog kennel (about 2,851 SF).  It is in a R30 zone (residential single family), but is classified as a 4A (commercial) property due to the pre-existing kennel business, and is legally non-conforming.  Plaintiffs' responses to interrogatories for tax years 2013, 2014, and 2015 (received November 2016), reflected that the kennel operations were used to board cats and dogs for a fee. The average occupancy rates, per plaintiffs, fluctuated based on season (off-season September through May, or peak season June through August) and weekdays or weekends, and ranged between 10-30 canines (weekdays) and 15-40 canines (weekends), and roughly 5 felines.

For tax years 2013 and 2014, the kennel was operated under the name Park-Wood Kennels, Inc.  Patricia Schnyderite was the entity's president.  For tax year 2015, the kennel was operated under the name Patricia Schnyderite, L.L.C. with an employer identification number, however, income was reported on federal Schedule C (meant for sole proprietorships), naming Patricia Schnyderite as the proprietor.

By letter of July 8, 2015, the Township's assessor sent by certified mail, return receipt requested, a Chapter 91 request for income and expense ("I&E") information to plaintiffs pursuant to N.J.S.A. 54:4-34.  The request instructed plaintiffs to "submit the appropriate income and expense data requested on the enclosed form for the tax year ending December 31, 2014 or the fiscal year ending June 30, 2015," to assist in setting the Subject's 2016 assessment.  It also instructed "[i]f the property is **completely owner occupied**, you must indicate this status on the form and return it to my office."  It also sought information of expenses "that pertain to real estate such as insurance, exterior maintenance, heating and other utilities costs."  The I&E form did not specify the appropriate tax year, but included lines for gross possible rental, percentage rent, gross possible income, and information pertaining to leases, rental space/units, and square footage.

2

Plaintiffs timely responded by writing in the comments section of the I&E form under "Property Information," that the Subject was "owner occupied." No other income or expense information was included.

For tax year 2016, the assessor imposed an assessment of $432,000 (allocated $198,800 to land and $233,200 to improvements). Plaintiffs petitioned the Middlesex County Board of Taxation ("County Board") challenging the assessment as exceeding the Subject's true value. At the hearing, plaintiffs presented an appraisal report using a sales comparison and cost approach. That report noted that the boarding kennel on the Subject was "limited to certain clients" and made adjustments to comparable sales for the kennel. The Township provided four comparable sales to defend its assessment. The County Board affirmed the assessment.

Within four months of the instant complaint being filed, and after the Township received answers to its standard and supplemental interrogatories, it filed the instant Chapter 91 motion to dismiss the complaint, noting that the assessor never knew of the kennel until after the County Board hearing. It argued that as a "hotel for pets," the "boarding of animals constitutes an income-producing activity for the use of real estate" similar to that of a hotel or nursing home, and the assertion of owner occupancy is false and fraudulent, warranting dismissal of the complaint.

Plaintiffs opposed the motion because: (1) the Subject is 100% owner-occupied as a residence; (2) the "owner occupied" response sufficed, and further inquiry in this regard was upon the Township; (3) since plaintiffs receive fees for grooming and feeding pets, "the income is not solely derived from real estate," but the I&E form is devoted solely to rental income; and, (4) the Township did not use the income approach in valuing the Subject during the County Board hearing, and is using the Chapter 91 process to dismiss the complaint "on a technicality." The Township

3

responded that the kennel portion of the Subject was income-producing no different than fees paid by patients to a nursing home, and that a hearing is required to establish whether no portion of the fee is allocable to "pet lodging." Additionally, it noted that the ownership of the business by individuals with different names than plaintiffs' raises an issue of owner occupancy. Plaintiffs did not file any reply despite the court providing them an opportunity to do so.

**ANALYSIS**

If a property is "income-producing," its owner must "render a full and true account of" the owner's "name and real property and income therefrom," within 45 days of the assessor's written request for such information. N.J.S.A. 54:4-34. Failure to timely respond allows the assessor to set an assessment based upon any information he or she has. Ibid. Additionally, the owner's appeal of that assessment is precluded, ibid., subject only to a limited hearing on the reasonableness of the assessment. Ocean Pines Ltd. v. Borough of Point Pleasant, 112 N.J. 1 (1988).

In this connection, the income-producing aspect of the Subject must be related to the real property only. ML Plainsboro Ltd. Partnership v. Township of Plainsboro, 16 N.J. Tax 250 (App. Div.), certif. denied, 149 N.J. 408 (1997). In other words, Chapter 91 is concerned with income produced by the real estate, not with income from business conducted on that real estate. Thus, the sanction of "appeal-preclusion," will not apply to non-income-producing properties. H.J. Bailey Co. v. Township of Neptune, 399 N.J. Super. 381, 388 (App. Div. 2008); see also Monsanto Co. v. Town of Kearny, 8 N.J. Tax 109, 111-12 (Tax 1986) ("owner-occupied manufacturing plant" was "not income producing property"). However, property which is 100% occupied by an entity related to the property owner and for which rental amounts are paid but alleged as being not at market, does not make the property owner occupied, thus, insulate the owner from the response

4

requirement of N.J.S.A. 54:4-34. SKG Realty Corp. v. Township of Wall, 8 N.J. Tax 209 (App. Div. 1985).

Here, plaintiffs timely responded that the Subject was owner-occupied. From the documents presented in this motion, there is no evidence of any lease or other rental arrangement of the Subject between plaintiffs and another entity. Although the Township points out that the business owners appear to be different individuals (Richard and Patricia Schnyderite) from the Subject's owners (Scott and Patricia Pittius), the federal income tax returns provided do not show rent being paid (as an expense item) by the business entity in connection with the kennel business. Thus, a portion of the Subject used to operate the kennel business does not appear to earn rental income attributable to real estate. This renders the matter substantially different from Lucent Technologies, Inc. v. Township of Berkeley Heights, 405 N.J. Super. 257 (App. Div. 2009), rev'd in part on other grounds, 201 N.J. 237 (2010), a case the Township heavily relies upon to contend that plaintiffs' response of owner-occupied status was false or fraudulent. That case involved a response of being owner-occupied, when in fact there was a lease by the property owner to a related party tenant, and a further sub-lease by that tenant to non-related entities. Ibid. Here, there is no lease let alone a non-disclosed one.[1]

---

[1] Neither of the higher courts ruled on the issue of the Tax Court's findings on when or why an omission of information, or whether, as here, a response of "owner occupied," is deemed to be false or fraudulent. "False" as an adjective is defined as "untrue . . . deceitful, lying" and "can be so by intent, by accident or by mistake." Black's Law Dictionary 718 (10th ed. 2014). The term "fraudulent" involves intentional misrepresentation. Id. at 775, 777 (defining "fraud" as a "knowing misrepresentation or knowing concealment of a material fact to induce another to act to his or her detriment," and "fraudulent act" as "conduct involving bad faith, dishonesty, a lack of integrity, or moral turpitude").
In Lucent, supra, Justice Albin noted that "cases in which a taxpayer inadvertently files false information and quickly attempts to remedy the mistake," should not merit dismissal under Chapter 91 "provided the taxpayer does not have unclean hands." 201 N.J. at 251-52 (concurring). This lends strength to a conclusion that omission of financial information without an intent to deceive (i.e., an honest, good faith response) should not be labelled as "false" or "fraudulent" for purposes of Chapter 91.

The Township contends that since a portion of the Subject is used to board pets at a fee, some portion of the fee has to be attributable to real estate because "pet owners pay for . . . lodging for the pets." Per the Township, the kennel acts as a hotel for pets no different from a nursing home for patients that was subject to the Chapter 91 reporting requirements. See Rolling Hills of Hunterdon L.P. v. Township of Clinton, 15 N.J. Tax 364, 366-69 (Tax 1995) (a portion of payments by patients to a nursing home operated by its owners is for "use of real estate" and therefore analogous to rent, making the nursing home an "income-producing" property for purposes of Chapter 91). The Township argues that if plaintiffs contend that no part of the boarding fees is attributable to real estate, then "a factual hearing will" be required "to flush out this issue." It so contends despite the fact that it moved to dismiss the complaint on grounds plaintiffs' response of "owner-occupied" was false or fraudulent, and never conducted discovery on the boarding fee breakdown it now wants the court to decide.

In Rolling Hills, supra, the court found that a portion of the patient's nursing home fee was attributable to real estate because a patient stayed typically for about thirteen months during which time the nursing home was the "patient's residence," and further since fees varied depending on if the room was single or double. 15 N.J. Tax at 367-68. Additionally, a private residence on the property was also leased for the year the income information was sought. Id. at 367. Therefore, "[a]s a portion of a nursing home patient's fee is paid for lodging, the payment is at least partially attributable to a tenancy in real estate." Id. at 368.

The holding in Rolling Hills has been reduced in argument to finding a property is income-producing when "lodging" is included in the fees being charged. However, the court has pursued the more fruitful inquiry of rights under lease versus license, where a property is more likely to be

6

income-producing when the business arrangement approaches that of a lease. See, e.g., Great Adventure, Inc. v. Township of Jackson, 10 N.J. Tax 230, 233-34 (App. Div. 1988) (a fee to enter and use an amusement park is not "paid by the patron for the use of the property in any tenancy sense but rather for the entertainment package offered."); Southland Corp. v. Township of Dover, 21 N.J. Tax 573, 589 (Tax 2004) (the inquiry is "whether the fee paid to the owner of land by tenants or patrons is for the continuous and exclusive use of a specific portion of the land and buildings, in the traditional sense of a tenancy, or for the brief right to enter the land and buildings with others on a non-exclusive basis, more akin to a license").

Here, unlike in Rolling Hills, supra, the property owner timely responded to the Chapter 91 request. Id. at 366. Another obvious difference is that the users of a portion of the Subject are of a different species. Temporary stay in a kennel is not the same as the privacy, exclusivity of use and possession, and security of a nursing home, hotel, or even a cabana. The kennel boarding business is akin to the cases affording a license to temporarily use the property. Consequently, the portion of the Subject used to operate the kennel boarding business is not income-producing for purposes of Chapter 91. The court therefore denies the Township's motion to dismiss the complaint.

Very Truly Yours,

Mala Sundar, J.T.C.

7